STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

NEWPORT, SC. SUPERIOR COURT

DUANE HORTON,

Plaintiff

NC-2005-0234

v.

PORTSMOUTH POLICE DEPARTMENT, MICHAEL ARNOLD, individually and in his capacity as a Portsmouth police official, ALBERTO BUCCI, individually and in his capacity as a Portsmouth police official, ANTHONY CAMBROLA, individually and in his capacity as a Portsmouth police official, GARRETT COYNE, individually and in his capacity as a Portsmouth police official, JANE DOEs #1-3, JOHN DOEs #1 – 5, ROBERT DRISCOLL, individually and in his capacity as Portsmouth Town Administrator, JEFFREY FURTADO, individually and in his capacity as a Portsmouth police official, STEVEN HOETZEL, individually and in his capacity as a Portsmouth police official, JOSEPHINE HORTON, HARRY LEONARD, individually and in his capacity as a Portsmouth police official, and DENNIS SEALE, individually and in his capacity as the Police Chief of Portsmouth, Rhode Island,

Defendants

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
05 MAY 24 PM 3: 17

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW DUANE HORTON, the Plaintiff in the above-entitled action, in this complaint against Defendants PORTSMOUTH POLICE DEPARTMENT, MICHAEL ARNOLD, ALBERTO BUCCI, ANTHONY CAMBROLA, GARRETT COYNE, JANE DOES 1-3, JOHN DOES 1-5, ROBERT DRISCOLL, JEFFREY FURTADO, STEVEN HOETZEL, JOSEPHINE HORTON, HARRY LEONARD, and DENNIS SEALE. These Defendants violated the Plaintiff's civil rights, subjected the

#6752

OTH
YJ

Plaintiff to a false arrest and false imprisonment, abused civil process, illegally denied the Plaintiff access to records properly sought, illegally denied the Plaintiff's right to use and enjoy his property, tortiously provided false information which harmed the Plaintiff, and maliciously prosecuted and attempted to frame the Plaintiff for a crime he did not commit. These wrongful and unlawful acts were all in violation of Rhode Island law, the Rhode Island Constitution, or the United States Constitution.

## JURISDICTIONAL STATEMENT

The Superior Court's jurisdiction in this action is grounded in the U.S. and Rhode Island Constitutions, the Rhode Island Access to Public Records Act (R.I.G.L. § 38-2-3), R.I.G.L.§§ 40-11-3.2, 11-32-2, 11-5-2, 12-29-3, and 42 U.S.C. Section 1981 et seq.

## THE PARTIES

Plaintiff DUANE HORTON is a licensed professional engineer, employed since 1984 by the United States Naval Undersea Warfare Center in Newport, Rhode Island. For sixteen years he has been a resident of the Town of Portsmouth, where he owns a home at 74 Willow Lane.

Defendant PORTSMOUTH POLICE DEPARTMENT is a law enforcement agency, a branch of the Town of Portsmouth, Rhode Island, a municipality registered under the State of Rhode Island.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

Defendant MICHAEL ARNOLD is or recently was a Portsmouth, Rhode Island police officer.

Defendant ALBERTO BUCCI is or recently was an officer of the Portsmouth, Rhode Island police department.

Defendant ANTHONY CAMBROLA is or recently was a sergeant or officer in the Portsmouth Police Department.

Defendant GARRETT COYNE is or recently was a Portsmouth, Rhode Island police officer.

Defendants JANE DOE 1, JANE DOE 2, and JANE DOE 3 are unknown-named persons who engaged in unlawful acts against the Plaintiff. When identified by the Plaintiff, these defendants shall be named and served with process during the course of this litigation.

Defendants JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5 are unknown-named persons who engaged in unlawful acts against the Plaintiff. When identified by the Plaintiff, these defendants shall be named and served with process during the course of this litigation.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

Defendant ROBERT DRISCOLL is or recently was the Town Administrator of Portsmouth, Rhode Island.

Defendant JEFFREY FURTADO is or recently was a lieutenant in the Portsmouth Police Department.

Defendant STEVEN HOETZEL is or recently was an official for the Portsmouth Police Department.

Defendant JOSEPHINE HORTON is the estranged wife of the Plaintiff.

Defendant HARRY LEONARD is or recently was an officer of the Portsmouth Police Department.

Defendant DENNIS SEALE is or recently was the Chief of Police of the Town of Portsmouth, and the chief administrative officer for the Defendant Portsmouth Police Department.

THE FACTS

The Plaintiff and Defendant JOSEPHINE HORTON have been married since June, 1993. Since March 27, 2003, however, the Plaintiff and Mrs. Horton have been parties to divorce litigation. On April 23, 2003, Newport Family Court Judge Shawcross issued a temporary order in the divorce case whereby the Plaintiff and Josephine Horton

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

were both permitted to continue living in separate apartments within the marital domicile at 74 Willow Lane in Portsmouth, Rhode Island. According to the order, custody of the couple's two children would be shared jointly pending the outcome of the divorce action, with Defendant JOSEPHINE HORTON having possession of the children, and the Plaintiff having reasonable rights of visitation. The couple arranged an agreement whereby the Plaintiff had visitation with the children every other weekend.

On the morning of July 24, 2004, a Saturday, the Plaintiff expected to begin weekend visitation with his children, then ages 6 and 9. On that day, Defendant JOSEPHINE HORTON sent a handwritten message to the Plaintiff via the couple's daughter indicating that the children would not be allowed to visit with the Plaintiff unless he consented to a unilaterally imposed condition: that the children have a cell phone during the visit so that JOSEPHINE HORTON and the children could call each other at any time. The Plaintiff refused to accept this condition, whereupon JOSEPHINE HORTON ordered the children to return to her residence. A short time later, outside the house, the Plaintiff took both children by the hands and placed them in the Plaintiff's automobile. Defendant JOSEPHINE HORTON called 911 on her cell phone at approximately 8:23 a.m., falsely claiming to a Portsmouth Police Department dispatcher, JANE DOE 1, that she had "full" or sole custody of the couple's children and implying that the Plaintiff was in violation of a court order.

While Defendant JOSEPHINE HORTON was providing false information to the Portsmouth Police Department dispatcher, the Plaintiff began backing up his automobile out of his driveway. JOSEPHINE HORTON illegally obstructed Plaintiff's free travel by blocking the driveway. The Plaintiff slowly backed out of the driveway so as not to

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

strike or harm JOSEPHINE HORTON, and then drove off with both children to continue the visitation.

Defendant PORTSMOUTH POLICE DEPARTMENT, by and through its agents, Defendants ANTHONY CAMBROLA and JEFFREY FURTADO, responded to the Willow Lane home. Cambrola and Furtado took a report of Defendant JOSEPHINE HORTON. Defendant JOHN DOE 1 issued an arrest command to all Rhode Island police agencies, instructing them to detain the Plaintiff upon sight, without probable cause.

Defendant JOSEPHINE HORTON also called the DCYF child abuse hotline, falsely reporting that the Plaintiff violated a visitation arrangement and that the Plaintiff had threatened to spank his daughter Sophia if she possessed a cell phone and was otherwise abusive.

At approximately 9 p.m. on July 24, 2004, agents of Defendant PORTSMOUTH POLICE DEPARTMENT, MICHAEL ARNOLD and GARRETT COYNE, unlawfully arrested the Plaintiff for felony domestic assault. Defendants ANTHONY CAMBROLA, STEVEN HOETZEL, ALBERTO BUCCI, PORTSMOUTH POLICE DEPARTMENT, and JOHN DOEs 2-3 aided and abetted the unlawful arrest.

A no-contact order was issued against the Plaintiff because of the July 24, 2004 arrest, preventing the Plaintiff from contacting his wife. The Plaintiff was illegally compelled to move out of his home and rent housing elsewhere. He also was compelled to hire legal counsel at a cost of thousands of dollars. His Navy security clearance and career were placed in high jeopardy. On July 26, 2004, Defendant JOSEPHINE HORTON wrote a civil complaint to Rhode Island Family Court authorities, falsely

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

depicting the events of July 24, 2004 and seeking to encumber the Plaintiff and keep him away from his children and his wife.

Between July 24, 2004 and May 2005, the Plaintiff sought to obtain police reports and statements regarding the July 24 incident kept by all of the Defendants except JOSEPHINE HORTON so that he could prepare for hearings in Newport Family Court. The Defendants' failure to timely provide the documents to the Plaintiff caused repeated delays of hearings in Family Court. Consequently, the Plaintiff was denied visitation with his children for more than eight months. When the Defendants finally provided the requested documents, the Plaintiff had already suffered severe prejudice to his property and liberty.

All criminal charges relating to the arrest were dismissed without arraignment by the Rhode Island Attorney General's office on or about January 22, 2005.

**COUNT ONE: FALSE ARREST**

On or around July 24, 2004, DEFENDANTS PORTSMOUTH POLICE DEPARTMENT, ANTHONY CAMBROLA, JEFFREY FURTADO, ALBERTO BUCCI, MICHAEL ARNOLD, GARRETT COYNE, STEVEN HOETZEL, and JOHN DOEs 1, 2 and 3, illegally and without probable cause, arrested the Plaintiff and/or caused the Plaintiff's arrest for felony domestic assault with a motor vehicle. Defendant JOSEPHINE HORTON provided false information to the Portsmouth Police Department, causing these other Defendants to make the false arrest. The unlawful actions of these Defendants violated Rhode Island law, the Rhode Island Declaration of Rights, and the Fourth and Fourteenth Amendments to the United States Constitution.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**COUNT TWO: FALSE IMPRISONMENT**

Between July 24 and July 25, 2004, all of the Defendants caused the Plaintiff to be illegally imprisoned, without probable cause, in the Portsmouth, Rhode Island police station. The unlawful actions of these Defendants violated Rhode Island law, the Rhode Island Declaration of Rights, and the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT THREE: TORTIOUS DENIAL OF ACCESS TO PUBLIC RECORDS LAWFULLY SOUGHT**

Between July 24, 2004 and the date of filing of this complaint, all of the Defendants except JOSEPHINE HORTON unlawfully and tortiously denied the Plaintiff access to public records regarding his July 24, 2004 arrest. The Plaintiff sought on at least four occasions, and Plaintiff's counsel sought on more than one occasion, to obtain copies of the police records in question. Each time, these Defendants denied the Plaintiff access to the documents. The Plaintiff was compelled to continue Family Court proceedings while he waited for the Defendants to comply, resulting in a long period of deprivation of visitation with his children. These Defendants also failed to comply fully with a subpoena issued through the Family Court until after the Plaintiff suffered severe damages. These Defendants' unlawful, willful, and repeated denial of access to the public records in question caused damage to the Plaintiff and extreme prejudice to the Plaintiff in civil proceedings. The records denied by the Defendants did not fall under any of the exceptions to the Rhode Island Access to Public Records Act.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**COUNT FOUR: VIOLATION OF CIVIL RIGHTS**

Under federal authority of 42 U.S.C. Section 1981 et seq., the Plaintiff complains that all of the Defendants violated his civil rights by falsely arresting and imprisoning him, causing him to be falsely arrested and imprisoned, and violating his liberty and property interests without due process of law by means of denying Plaintiff's access to records. The Plaintiff, prior to his release from illegal custody on July 25, 2004, was told by Defendant STEVEN HOETZEL and JOHN DOEs 4-5 that he would be arrested if he went to his home for any reason. Between July 24, 2004 and May 2, 2005, all of the Defendants kept the Plaintiff from the enjoyment and use of his property without due process of law, in violation of the United States and Rhode Island Constitutions. The Plaintiff sustained damage because of these unlawful acts.

**COUNT FIVE: VIOLATION OF CIVIL RIGHTS BY FAILURE TO TRAIN AND FAILURE TO SUPERVISE**

Prior to and during the July 24, 2004 arrest, and continuing until the filing of this complaint, all of the Defendants with the exception of JOSEPHINE HORTON violated the Plaintiff's civil rights by failure to supervise and train Portsmouth police officers to properly respond to alleged domestic violence situations, to properly evaluate evidence and document events, and to properly respond to document requests. This also violated 42 U.S.C. Section 1981 et seq. The Plaintiff sustained damage because of these unlawful acts.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**COUNT SIX: TORT OF OUTRAGE/ ATTEMPT TO FRAME**

Between July 24, 2004 and January 22, 2005, all of the Defendants willfully, intentionally, and maliciously engaged in an attempt to frame the Plaintiff for felony domestic assault, a crime the Plaintiff did not commit. This outrageous conduct violated Rhode Island law, the Rhode Island Declaration of Rights, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. The Plaintiff sustained damage because of these unlawful acts.

**COUNT SEVEN: FALSE REPORTING**

Between July 24, 2004 and the date of filing of this complaint, Defendant JOSEPHINE HORTON willfully, knowingly, and deliberately provided false information to the other Defendants, to DCYF, and to Rhode Island Family Court, misstating the Family Court's custody order, misstating her marital status, misstating her injuries or lack of same, and falsely reporting criminal acts and child abuse in violation of R.I.G.L. § 40-11-3.2 and § 11-32-2. The Plaintiff sustained damage because of these unlawful acts.

**COUNT EIGHT: MALICIOUS PROSECUTION**

Between July 24, 2004 and the date of filing of this complaint, Defendant JOSEPHINE HORTON, without probable cause, initiated criminal proceedings against the Plaintiff (which terminated in favor of the Plaintiff). JOSEPHINE HORTON's primary purpose in initiating, continuing, or procuring the criminal proceedings was other than securing a proper adjudication of the claim (i.e., "malice"). The Plaintiff sustained damage because of the proceedings.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**COUNT NINE: ABUSE OF PROCESS**

Between July 24, 2004 and the date of filing of this complaint, Defendant JOSEPHINE HORTON maliciously and deliberately misused or perverted court processes in an unjustified manner. The Plaintiff sustained damage because of the proceedings.

DAMAGES

The above-described illegal conduct caused the Plaintiff substantial damages. The Plaintiff is entitled to compensation for all losses caused by the Defendants' unlawful conduct. Wherefore, the Plaintiff demands judgment against the Defendants in an amount sufficient to invoke the jurisdiction of the court. The Plaintiff also seeks appropriate punitive damages, fines and reasonable attorney fees.

Roger Roots, R.I.Bar #6752, Plaintiff's Attorney
597 Broad Street #3
Central Falls, RI 02863
(401) 290-8260

Duane Horton, Plaintiff
P.O. Box 4413
Middletown, RI 02842
(401) 832-1680

By Roger Roots Dated May 24, 2005
Roger Roots, R.I. Bar #6752, Plaintiff's Attorney

AFFIDAVIT OF SERVICE

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

immediately after May 24, 2005 complaint - R.R.

will I, Roger I. Roots, do hereby certify that on ~~May 25~~ ~~2005~~, this ~~statement of claim~~ will be ~~was~~ hand delivered by a licensed processed server, _________________, upon the identified defendants in this case, in accordance with the rules of service of process in Rhode Island courts.

Roger Roots

Roger I. Roots



True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

CIVIL
CASE COVER SHEET

STATE OF RHODE ISLAND
SUPERIOR COURT

Case * (Filled in by Clerk's Office)
NC-2005-0234

This form must be filed with each original document that commences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

FILED 05 MAY 24 PM 3:17 CHARLES H. HOLLIS, CLERK SUPERIOR COURT

PLAINTIFFS: Duane Horton

DEFENDANTS: Portsmouth Police Dept., Michael Arnold, Alberto Bucci, Anthony Cambrola, Garrett Coyne, Jane Does 1-3, John Does 1-5, et. al.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

NATURE OF PROCEEDING: Check the applicable case type under main categories listed below. (check one only)

District Court Appeal ❑ Yes (check type below)

Money Agency Appeal

- ❑ ANT Anti-trust
- ❑ ASB Assault and battery
- ❑ BKA Book account
- ❑ CIC Criminal inj. compensation
- ❑ CLA Common law assignment
- ❑ CLL Common law lien
- ❑ CON Contract
- ❑ CNV Conversion
- ❑ CRC Criminal conversation
- ❑ CRJ Civil Rights Job Discrimination
- ❑ DEJ Declaratory judgment
- ❑ DIN Recovery of damages/insurance
- ❑ DOJ Debt on judgment
- ❑ DPC Denial of probate claim
- ☒ Other than above (specify type): False arrest, civil rights violations, etc.
- ❑ DTP Deceptive trade practice
- ❑ EXT Excessive tax
- ❑ FOR Forfeiture
- ❑ FRJ Foreign Judgment
- ❑ IDV Personal inj./property dam-vehicle
- ❑ INR Injunctive relief
- ❑ IPL Interpleader
- ❑ LIB Libel/slander
- ❑ MLE Malpractice/legal
- ❑ MME Malpractice/medical
- ❑ MOT Malpractice/other
- ❑ PDM Property damage
- ❑ PDV Property damage / vehicle
- ❑ PER Personal injury
- ❑ PIV Personal injury-vehicle
- ❑ PRL Product liabilty
- ❑ PRN Promissory note
- ❑ PRT Partition
- ❑ RIC Reinstate charter
- ❑ RLP Real property
- ❑ ROF Recovery of funds
- ❑ SAB Sexual abuse
- ❑ SPP Specific performance
- ❑ SXH Sexual harassment
- ❑ TAE Trespass and ejectment
- ❑ TCO Title clearing (other than tax title)
- ❑ TCT Trustee/appt convey title
- ❑ TRA Trustee/accounting
- ❑ UNM Uninsured motorist
- ❑ WOM Mandamus. Writ of
- ❑ WOR Replevin, Writ of
- ❑ WRD Wrongful death

MISCELLANEOUS PETITIONS

- ❑ AOD Assessment of damages
- ❑ AOS Trustee successor
- ❑ AOT Trustee / appointment of
- ❑ ARA Arbitration award
- ❑ CAR Arbitration /confirm
- ❑ CFC Confirm compromise
- ❑ CND Condemnation
- ❑ CNT Contempt
- ❑ DOC Dissolution of corp.
- ❑ DOT Trustee / declination of
- ❑ DSC Disclaimer
- ❑ Other than above (specify type):
- ❑ EDP End partnership
- ❑ FOC Forfeiture of charter
- ❑ FRR Forclosure of right redemption
- ❑ GJI Grand jury investigation
- ❑ HAC Habeas corpus
- ❑ LCN Level of community notification
- ❑ MAW Material witness
- ❑ MEL Mechanics lien
- ❑ OSW Out of state witness
- ❑ PCR Post conviction relief
- ❑ PFC Petition for constable
- ❑ PFI Petition for immunity
- ❑ PFR Petition for review
- ❑ PFS Perform surgery
- ❑ PIN Pet for inventory (wire tap)
- ❑ PTD Pet to take deposition
- ❑ PTE Petition to expunge
- ❑ R5A Rule 5A petition
- ❑ REC Receivership
- ❑ RTA Arbitration referral
- ❑ SVP Sexually violent predator petition
- ❑ TCL Title clearing (tax title)
- ❑ TLF Foreclosure / tax lien
- ❑ VAR Arbitration / vacate

PROBATE APPEALS

- ❑ WIL Will
- ❑ TRS Trust
- ❑ GRD Guardianship
- ❑ NAC Name change
- ❑ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ Yes ❑ No If yes: ☒ Jury or ❑ Non-jury

( Attorney name and Registration # Roger Roots #6752 May 24, 2005 (Date)

Pro se/Name ______

SC-223 (Rev. 11/00)

# STATE OF RHODE ISLAND
## Superior Court
## RECEIPT

NEWPORT COUNTY SUPERIOR COURT
45 Washington Sq., Newport, RI 02840
Tel. (401) 841-8330

5-24-05
date received

RRA / IF
received from

tel. no.

address

Duane Horton vs. Portsmouth Police
case title

1013
☐ Cash ☒ Check ☐ Money Order

NC-05-234
case no.

| TRANSACTION TYPE | AMOUNT |
|---|---|
| Civil case filing fee | $ 160 00 |
| Execution fee | $ |
| Copies | $ |
| Other: | $ |
| Criminal case fees<br>☐ Partial payment<br>☐ Paid in full | $ |
| Cash bail<br>☐ Transferred to pay criminal fees<br>☐ You must contact person who furnished bail for reimbursement | $ |
| TOTAL | $ 160 00 |

37536
recpt. no.

[signature]
received by

27306

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island