CA No 05-247T

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DUANE HORTON,

Plaintiff

CA No. 05-247T

v.

PORTSMOUTH POLICE DEPARTMENT, MICHAEL ARNOLD, individually and in his capacity as a Portsmouth police official, ALBERTO BUCCI, individually and in his capacity as a Portsmouth police official, ANTHONY CAMBROLA, individually and in his capacity as a Portsmouth police official, GARRETT COYNE, individually and in his capacity as a Portsmouth police official, JANE DOEs #1-3, JOHN DOEs #1 – 5, ROBERT DRISCOLL, individually and in his capacity as Portsmouth Town Administrator, JEFFREY FURTADO, individually and in his capacity as a Portsmouth police official, STEVEN HOETZEL, individually and in his capacity as a Portsmouth police official, JOSEPHINE HORTON, HARRY LEONARD, individually and in his capacity as a Portsmouth police official, and DENNIS SEALE, individually and in his capacity as the Police Chief of Portsmouth, Rhode Island,

Defendants.

# BRIEF IN SUPPORT OF MOTION FOR REMAND TO STATE COURT

COMES NOW DUANE HORTON, the Plaintiff in the above-entitled action, in this brief in support of the Plaintiff's motion to remand this action back to state court, where jurisdiction is lawful, proper, and most convenient for all parties.

## FACTS AND BACKGROUND

This action is a lawsuit for, *inter alia*, false arrest, false imprisonment, civil rights violations, abuse of state civil process, denial of access to state records, and maliciously prosecuting the Plaintiff in state proceedings. These wrongful and unlawful acts were in violation of Rhode Island law, the Rhode Island Constitution, or the United States Constitution. As stated in the complaint, jurisdiction is proper in Newport County Superior Court where the action was filed.

REMOVAL IS IMPROPER

The federal removal statutes, 28 U.S.C. §§1441-1452, are strictly construed, and, in general, are interpreted against the right of removal. *American Fire and Casualty Co. v. Finn*, 341 U.S. 6 (1951); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). This court, being a court of limited jurisdiction, and the Newport County State Superior Court being a court of general jurisdiction, the placement of this case in this federal court must overcome a variety of presumptions. *See id.*

The Defendants' notice of removal is based only upon federal question jurisdiction under 28 U.S.C. § 1331:

> **"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."**

To "arise under" the Constitution, etc., the case must be based on federal law in some substantial way. As Justice Cardozo stated in *Gully v. First National Bank*, 299 U.S. 109 (1936), for a case to "arise under" federal law, "a right or immunity create by the Constitution or laws of the United States must be an element, and an essential one, of

the plaintiff's cause of action," and "[t]he right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effet, and defeated if they receive another." The federal nature of the controversy must appear from the nature of the affirmative allegations in the complaint. An obviously insubstantial federal claim will not confer jurisdiction.

In deciding whether to exercise its power to retain jurisdiction over the state claims, the court looks to judicial economy, convenience, and fairness to litigants. Pueblo Int'l, Inc. v. De Cardona, 725 F.2d 823 (1st Cir. 1984). All doubts are to be resolved in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

TWO CIVIL RIGHTS COUNTS, WHICH CAN BE CONCURRENTLY RESOLVED IN EITHER STATE OR FEDERAL COURT, ARE THE ONLY GROUNDS FOR FEDERAL JURISDICTION IN THIS CASE, WHILE THE OTHER COUNTS, WHICH PREDOMINATE, ARE STATE CLAIMS ONLY

The substantial federal interest alleged by the defendants is merely that two (2) of nine (9) counts in the Plaintiff's complaint involve the federal civil rights statutes, 42 U.S.C. § 1983. These two civil rights counts represent only a small portion of the issues in litigation in this case. Of course, federal district courts share with state courts the original jurisdiction to try § 1983 claims. *Martinez v. California*, 447 U.S. 277 (1980). Long v. Dist. Of Columbia, 469 F.2d 927, 937 (D.C.Cir. 1972) ("State courts do, however, have concurrent jurisdiction over § 1983 civil actions"). *See also* Collins, *Section 1983 Litigation* 247 (2001) ("Section 1983 actions are not within the exclusive jurisdiction of the federal courts."); Wright, Law of Federal Courts §38, 151-52. The Rhode Island State Courts are capable of resolving these civil rights claims in accordance

with mutually recognized principles of civil rights. *See, e.g., Graff v. Motta*, 695 A.2d 486 (R.I. 1997); *Dyson v. City of Pawtucket*, 670 A.2d 233 (R.I. 1996); *Carralho v. Coletta*, 457 A.2d 614 (R.I. 1983).

Some courts have held that "where Congress has provided for concurrent jurisdiction in state and federal courts [as here], the claim may be asserted in either court and removal on the basis of federal question jurisdiction is precluded." Salveson v. Western States Bankcard Assoc., 525 F.Supp. 566, 573 (D.D.C. 1981). The grounds for removal raised by a party "must outweigh the negative impact on state autonomy." W.R. Grace & Co. v. Continental Casualty Co., 896 F.2d 865, 871 (5th Cir. 1990).

Although federal courts have ancillary jurisdiction to decide "peripheral aspects of a controversy that by themselves would not be cognizable in federal court," *Bay Guardian Co. v. Chronicle Pub. Co.*, 340 F.Supp. 76, 79 (N.D.Cal. 1972), they should not take jurisdiction over cases in which any federal claims can be adequately decided in state court and state claims predominate. Federal courts may entertain claims based on state law which "derive from a common nucleus of operative fact" *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

28 U.S.C. § 1367(c) states that district courts may decline to exercise supplemental jurisdiction over a supplemental state claim if: (1) the claim raises a novel or complex issue of State law, or (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. This case involves at least two relatively complex areas of state law which are undeveloped, notably the Rhode Island Access to Public Records Act (APRA) (R.I.G.L. § 38-2-3) and its application to police investigation records, *See, e.g., Pawtucket Teachers' Alliance v. Brady*, 556 A.2d

556 (R.I. 1989); *Edward A. Sherman Publishing Co. v. Carpender*, 659 A.2d 1117 (R.I. 1995); *Providence Journal Co. v. Kane*, 577 A.2d 661 (R.I. 1990), and Rhode Island state law governing internal state administration of domestic violence complaints and state agency responses, a traditional area of state court administration. *See United States v. Morrison, 529 U.S. 598 (2000).*

The Rhode Island APRA is a complex scheme of state statutory law with a broad application but twenty-one exemptions. See generally R.I.G.L. § 38-2-2). *Providence Journal Co. v. Kane*, 577 A.2d 661 ( R.I. 1990). Notably, the law was amended in 1991 to address loopholes identified by state court interpretations. *See* Access/RI, *Access to Public Records: An Audit of Rhode Island's Cities and Towns* (1997) (http://www.brown.edu/Departments/Taubman_Center/foi_pdf/access.pdf.).

In this case, the Portsmouth Police Department has asserted a pretrial legal challenge to the applicability of the RI APRA upon certain records in its custody. The state act does contain exemptions for police records, but they do not include "records relating to management and direction of a law enforcement agency and records reflecting the initial arrest of an adult and the charge or charges brought against an adult shall be public." The Plaintiff submits that the resolution of whether the records sought are exempt from the APRA's coverage is a novel question of state law (among several that must be resolved in this case) and that this federal court should abstain from resolving it.

Notably, a lengthy study of the RI APRA was conducted in 1997 by a joint academic team composed of professors and students at Brown University and the University of Rhode Island. *See id.* The report draft (available online) is more than

eighty pages long. It concluded that many aspects of the RI APRA remain unclear and/or subject to interpretation:

> The Open Records Law has no general provisions outlining the process for requesting public records. Each public body is left to establish its own access procedures. R.I.G.L. § 38-2-3. Records must be made available 'at such reasonable time as may be determined by the custodian there of.' R.I.G.L. § 38-2-3(a). The custodian is required to inform the requester whether the records are in active use or in storage and to set up an appointment with the requester 'to examine such records as expeditiously as may be made available.' R.I.G.L. § 38-2-3(d). The agency must deny requests in writing, citing the specific reasons for denial and indicating the procedures for appeal, within ten business days of the request. This limit may be extended to thirty business days if good cause is shown. Failure to respond in writing is deemed a denial. R.I.G.L. § 38-2-7. *Access to Public Records*, at 3.

The Plaintiff contends that in this case, the Defendants' compliance with the RI APRA will establish new law with regard to the compliance of state police agencies with the Act. This case also involves state family court orders, a divorce action still pending, and a custody decree still in effect in state family court, all issues within the proper and traditional domains of state courts. C.f., *United States v. Lopez*, 514 U.S. 549 (1995); *DeSylvia v. Ballentine*, 351 U.S. 570 (1956) ("There is no federal law of domestic relations, which is primarily a matter of state concern"); *United States v. Bailey*, 115 F.3d 1222 (8th Cir. 1997) (family law is "a traditional area of exclusive state sovereignty"); *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985) (federal bankruptcy courts should avoid incursions into family law matters "out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters").

Moreover, the family law and domestic-violence response procedures to be litigated in this case involve sensitive matters of state administration. Federal courts

should avoid retaining jurisdiction over such state claims if there is a possibility that novel issues of state law may arise. Even where the state claims may not be novel, federal courts should avoid issuing "needless decisions of state law." Girard v. 94th Street and Fifth Ave. Corp., 530 F.2d 66, 72 (2nd Cir. 1976).

Supplemental jurisdiction in federal court is a doctrine of discretion, not right. "Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." United States v. Zima, 766 F.2d 1153 (7th Cir. 1985); Dezell v. Day Island Yacht Club, 796 F.2d 324 (9th Cir. 1986) (federal courts should refrain where state laws at issue are unclear and pertain to sensitive issues of public policy). In

Federal courts are obligated to avoid conflict between state and federal systems when possible. 2 Moore, *Federal Practice*, p. 2101. This is especially true where state law on an issue is unclear, as with the present application of the Rhode Island Access to Public Records Act (APRA) to police investigation records. *C.f. Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). Under these circumstances, this court should abstain from taking jurisdiction.

SEVERE INCONVENIENCE TO THE PARTIES REQUIRES REMAND

Finally, this case should be remanded to the court of its initial filing due to severe inconvenience to the Plaintiff and the other parties. This court is farther removed from the residences of all the parties than the Newport County State Court, and its location in urban Providence requires higher cost and greater inconvenience for all parties.

Moreover, the Plaintiff's chosen counsel, Roger Roots, is not admitted to practice in this federal court (see attached affidavit). Mr. Roots has researched and prepared this

case extensively, and is best suited to try the case on behalf of the Plaintiff. The financial loss to the Plaintiff resulting from litigation of this action in this federal court would be severe, in that he would be compelled to hire additional counsel and acquaint them with the various facts and claims in this action at additional great cost, in violation of Rule 1 of the Federal Rules of Civil Procedure, which requires that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action."

Dated: June 14, 2005

Respectfully submitted,

Alberto Aponte Cardona
Aponte Cardona & Assoc.
Attorney for Plaintiff
Appearing specially for the limited purpose of this motion
597 Broad St.
Central Falls, RI 02863
Telephone: (401) 475-5436

CERTIFICATE OF SERVICE

I, Alberto Aponte Cardona, do certify that on June 14, 2005 a copy of the foregoing document was sent, postage pre-paid to:

Marc DeSisto, Esq.
DeSisto Law Offices
221 Angell Street
Providence, RI 02906

Sonja L. Deyoe
989 Waterman Avenue
East Providence, RI 02914

Signed: ______________________

Alberto Aponte Cardona, Esq.

Attorney for Plaintiff

Appearing specially
597 Broad St.
Central Falls, RI 02863