UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DUANE HORTON,
*Plaintiff,*

vs.

PORTSMOUTH POLICE DEPARTMENT;
ET AL.,
*Defendants.*

C.A. NO. 05-247T

**DEFENDANTS' SUPPLEMENT TO THEIR PETITION FOR REMOVAL**

Attached hereto, as a supplement to the Petition for Removal by Defendants—Portsmouth Police Department, Michael Arnold, Anthony Cambrola, Garrett Coyne, Robert Driscoll, Jeffrey Furtado, Steven Hoetzel, Harry Leonard and Dennis Seale, individually and in their official capacities as employees of the Town of Portsmouth—filed in this Court on June 7, 2005, is a certified copy of the complete record as of June 13, 2005, from the Newport County Superior Court, entitled, *Duane Horton v. Portsmouth Police Dept., et al., C.A. No. 05-0234.* These defendants state that further documents were filed in the state court during the interim period, which are reflected in the attached supplemental copy of the record.

Defendants,
Town of Portsmouth and its employees
By their attorney,

Marc DeSisto (KMS)

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

C.A. No. 05-247 T

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Supplement was mailed, postage prepaid, on this 20th day of June, 2005, to the following:

Roger Roots, Esq. # 6752
597 Broad Street, Suite 3
Central Falls, RI 02863
(401) 290-8260

Alberto Aponte Cardona, Esq.
597 Broad Street
Central Falls, RI 02863
(401) 475-5436
*Special Appearance re. Motion to Remand only.*

Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 fax

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: NC-2005-0234 DUANE HORTON V PORTSMOUTH POLICE DEPARTMENT

Filing Date: 05-24-2005
Case Status: UNASSIGNED

Case Type: OTHER CIVIL ACTION
Status Date: 05-24-2005

| | |
|---|---|
| Plaintiff: DUANE HORTON<br>ID: @10174962 | Attorney: ROGER ROOTS<br>ID: ATTY06752 |
| Defendant: MICHAEL ARNOLD<br>ID: @10174955 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |
| Defendant: ALBERTO BUCCI<br>ID: @10174956 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |
| Defendant: GARRETT COYNE<br>ID: @10174957 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |
| Defendant: ANTHONY CAMBROLA<br>ID: @10174958 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |
| Defendant: ROBERT DRISCOLL<br>ID: @10174959 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |
| Defendant: JEFFREY FURTADO<br>ID: @10174960 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |
| Defendant: STEVEN HOETZEL<br>ID: @10174961 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |
| Defendant: JOSEPHINE HORTON<br>ID: @10174963 | Attorney: SONJA DEYOE<br>ID: ATTY06301 |
| Defendant: HARRY LEONARD<br>ID: @10174964 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |
| Defendant: DENNIS SEALE<br>ID: @10174965 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |
| Defendant: PORTSMOUTH POLICE DEPARTMENT<br>ID: @10263357 | Attorney: UNKNOWN ATTORNEY<br>ID: ATTY09999 |

Scheduled Events

| Date | Event | Location | Judge |
|---|---|---|---|
| 07-05-2005 | MOTION FOR MORE DEFINITE STATE | N ZN | RUBINE |
| 08-01-2005 | MOTION TO DISMISS | N ZN | GALE |

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|

Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

Docket Entry Information

| Date | Description | Text |
|---|---|---|
| 05-24-2005 | COMPLAINT FILED | |

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: NC-2005-0234 DUANE HORTON V PORTSMOUTH POLICE DEPARTMENT

| | | |
|---|---|---|
| 05-24-2005 | COMPLAINT FILED | FALSE ARREST, CIVIL RIGHTS VIOLATIONS ETC |
| 06-07-2005 | ENTRY OF APPEARANCE | ON BEHALF OF DEFENDANT JOSEPHINE HORTON<br>ENTRY ATTORNEY: SONJA DEYOE |
| 06-08-2005 | MEMO IN SUPPORT MOT TO DISMISS | DEFT. HORTON'S MOTION |

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

STATE OF RHODE ISLAND
NEWPORT, S.C.,

SUPERIOR COURT

DUANE HORTON :
:
v. : C.A. No. NC05-0234
:
PORTSMOUTH POLICE DEPARTMENT, :
et. al. :

**ENTRY OF APPEARANCE**

I, the undersigned, hereby enter my appearance as counsel for the Defendant Josephine Horton in the above captioned matter.

Respectfully submitted,
Defendant Josephine Horton,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 3 day of June 2005.

Roger Roots, Esq.,
597 Broad Street #3
Central Falls, Rhode Island 02863

Marc DeSisto, Esq.,
DeSisto Law Offices
221 Angell Street
Providence, RI 02906

SUPERIOR COURT
FILED
CHARLES H HOLLIS, CLERK
05 JUN -7 AM 11:22

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**HEARING DATE: JULY 5, 2005.**
STATE OF RHODE ISLAND
NEWPORT, S.C.,

SUPERIOR COURT

DUANE HORTON :
:
v. : C.A. No. NC05-0234
:
PORTSMOUTH POLICE DEPARTMENT, :
et. al. :

**MOTION FOR A MORE DEFINITE STATEMENT OF THE PLEADINGS.**

Now comes the Defendant Josephine Horton and hereby moves this Honorable Court under Rule 12(e) of the Rhode Island Superior Court Rules of Civil Procedure for an order directing that the Plaintiff, Duane Horton, submit a pleading that is in accordance with the Provisions of Rule 10 of the Rhode Island Superior Court Rules of Civil Procedure.

In support thereof, Defendant Josephine Horton states that said pleading is vague and ambiguous. Said complaint does not have numbered paragraphs that include single statements as is required by Rule 10. The complaint does not set forth causes of action which can be understood by the Defendant as is required by both Rule 12(e) and Rule 10.

Respectfully submitted,
Defendant Josephine Horton,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
05 JUN -7 AM 11: 17

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 3 day of June 2005.

Roger Roots, Esq.,
597 Broad Street #3
Central Falls, Rhode Island 02863

Marc DeSisto, Esq.,
DeSisto Law Offices
221 Angell Street
Providence, RI 02906

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**HEARING DATE: AUGUST 1, 2005.**

STATE OF RHODE ISLAND SUPERIOR COURT
NEWPORT, S.C.,

DUANE HORTON :
:
v. : C.A. No. NC05-0234
:
PORTSMOUTH POLICE DEPARTMENT, :
et. al. :

**MOTION TO DISMISS FILED PURSUANT TO RULE 12(B)(6) AND NOTICE OF HEARING ON DEFENDANT JOSEPHINE HORTON'S MOTION FOR A MORE DEFINITE STATEMENT OF THE PLEADINGS.**

Now comes the Defendant Josephine Horton and moves this Honorable Court to order the Plaintiff to submit a more definite statement of the Pleadings, in accordance with her motion originally set for hearing on July 5, 2005 and for an order dismissing counts I, II, IV, VI, VIII and IX of the complaint as they relate to Defendant Josephine Horton.

A memorandum of law is submitted in support of this motion setting forth the reasons Defendant seeks dismissal of these counts.

Respectfully submitted,
Defendant Josephine Horton,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
05 JUN -8 AM 11:53

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 2 day of June 2005.

Roger Roots, Esq.,
597 Broad Street #3
Central Falls, Rhode Island 02863

Marc DeSisto, Esq.,
DeSisto Law Offices
221 Angell Street
Providence, RI 02906

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**HEARING DATE: AUGUST 1, 2005.**
STATE OF RHODE ISLAND SUPERIOR COURT
NEWPORT, SC.,

DUANE HORTON :
:
v. : C.A. No. NC05-0234
:
PORTSMOUTH POLICE DEPARTMENT, :
Et al., :

**MEMORANDUM IN SUPPORT OF DEFENDANT JOSEPHINE HORTON'S MOTION TO DISMISS PURSUANT TO RULE 12 (B) (6).**

## I. FACTS:

The Defendant Josephine Horton and the Plaintiff Duane Horton are parties to a family court action that is current on an appeal to the Rhode Island Supreme Court initiated by the Plaintiff Duane Horton from the final judgment of the Newport Family Court. On July 24, 2004, as the Plaintiff picked up his minor children from the Defendant Josephine Horton a dispute ensued. The Defendant Josephine Horton called the Portsmouth Police and filed a complaint. As a result thereof, the Plaintiff Duane Horton was arrested and imprisoned at the Portsmouth State Police Barracks. The Plaintiff additionally was forced to move out of a residence he "shared" with the Defendant Josephine Horton and lost visitation for a period of time with his children.

As a result of these actions, the Plaintiff has asserted claims against various members of the Police Department for the Town of Portsmouth, as well as numerous town officials (hereinafter "Police") and the Defendant Josephine Horton.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

## II LEGAL STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir.1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims.

## III THE PLAINTIFF HAS NOT PLEADED SUFFICIENT FACTS TO SUPPORT A CLAIM AGAINST DEFENDANT JOSEPHINE HORTON FOR FALSE ARREST.

The Plaintiff has alleged that the Police and Defendant Josephine Horton are liable to him because he was falsely arrested. In McGarrahan v. Lavers, 15 R.I. 302, 3 A. 592 (1886), the Rhode Island Supreme Court stated that it was "well settled that every private person is responsible for a wrongful imprisonment directed or authorized by him." Later, in Sylvester v.



True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

Buerhaus, 71 R.I. 335, 45 A.2d 150 (1946), the Supreme Court held that in a suit based on a claim for false imprisonment, it was not necessary to produce direct evidence to prove that the defendant had "induced or instigated" the arrest. In Powers v. Carvalho, 117 R.I. 519, 368 A.2d 1242 (R.I. 1977), the Court went on to state that when an informant "simply reports his or her version of the facts to the police or the prosecuting authority is not liable in an action for false arrest" unless that "individual . . . knowingly gives false information . . . which leads to an arrest." Id. at 529.

In order to state a claim for relief against the defendant Josephine Horton, the Plaintiff was required to plead that 1.) the Police acted to arrest the Plaintiff solely because of the information provided to them by Josephine Horton and 2.) the information provided by Josephine Horton was false. A fair reading of the complaint reveals that there is no allegation that the information provided by the Defendant Josephine Horton to the Portsmouth Police was the sole reason that the police arrested the Plaintiff. Indeed, the Plaintiff himself alleges that the Portsmouth Police are liable to him for falsely arresting him of their own accord. As the Plaintiff's own allegations state that the Defendant Josephine Horton's statements were not the sole basis for his arrest, the Plaintiff has failed to state a claim upon which relief may be granted for false arrest under Rule 12 (b)(6).

## IV. THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST THE DEFENDANT JOSEPHINE HORTON FOR FALSE IMPRISONMENT.

A "[m]istaken informant, who, in good faith, reports his version of the facts to police or prosecuting authority, is not liable in an action for false arrest, but individual, who knowingly gives false information, is liable when such information leads to an arrest." Powers v. Caravallo

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

at 539. Conversely, an officer is not liable for false arrest or false imprisonment if the information provided to him, falsely, gave him probable cause to arrest and detain the Plaintiff.

As stated in the previous discussion about false arrest, either the Police acted to imprison the Plaintiff solely on the basis of the Defendant Josephine Horton's allegedly false statements, or the Police made their own determination that the Plaintiff should be imprisoned based on both what Defendant Josephine Horton told them and independent information gathered by the officer. As the Plaintiff is claiming that both the Police and Defendant Josephine Horton are liable to him for false arrest, necessarily, the Defendant Josephine Horton cannot be liable for false imprisonment because she is not alleged to be the sole cause of the alleged false imprisonment.

## V. THE PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT A CAUSE OF ACTION FOR THE VIOLATION OF HIS CIVIL RIGHTS UNDER 42 U.S.C. § 1981 ET SEQ.,

In order to state a claim for relief under 42 U.S.C. § 1981 et seq., the Plaintiff is required to allege: "(1) that he is member of racial minority, (2) that defendant discriminated against him on basis of his race, and (3) that discrimination implicated one or more activities enumerated in statute." Garrett v. Tandy Corp, 295 F.3d 94, 98 (1st. Cir.2002). See also Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114 (D.R.I 2004). In this instance, the Plaintiff has failed to allege that he is a racial minority or that the Defendant Josephine Horton discriminated against him because of his race. The Plaintiff has therefore failed to state a claim upon which relief may be granted.

## VI. THE PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT A CAUSE OF ACTION FOR THE TORT OF OUTRAGE

The Tort of Outrage is better known as the tort of intentional infliction of emotional



True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Cour
Newport County
Newport, Rhode Island

distress. To prevail on a claim for intentional infliction of emotional distress, a plaintiff must, in addition to suffering physical harm, show "extreme and outrageous conduct on the part of the defendant." Jalowy v. Friendly Home, Inc., 818 A.2d 698, 707 (R.I.2003) (quoting DiBattista v. State, 808 A.2d 1081, 1088 (R.I.2002)). A review of the complaint shows that the Plaintiff has not alleged the he suffered physical harm because of the alleged "extreme and outrageous" conduct of the Defendant Josephine Horton, the Plaintiff has, therefore, failed to state a claim upon which relief can be granted.

**VII. THE PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT A CAUSE OF ACTION FOR MALICIOUS PROSECUTION.**

"[M]alicious prosecution is the institution of legal proceedings whereby an arrest is made under a lawful process and the essential elements of such an action are proof that the party instituting the proceedings which resulted in the arrest had acted with 'malice and want of probable cause.' Hobbs v. Ray, supra at 85, 25 A. at 694. In actions based upon a complaint of malicious prosecution, 'clear proof' of malice and want of probable cause is required, and the stricter burden is imposed because of the belief that actions for malicious prosecution can deter the prosecution of criminal activity. Fox v. Smith, 26 R.I. 1, 5, 57 A. 932, 934 (1904)." Powers v. Carvalho, 117 R.I. 519, 368 A.2d 1242, 1246-47 (1977).

As the Plaintiff has alleged that the Police Department falsely arrested him, falsely imprisoned him and violated his civil rights because it failed to properly train the Police in how to "properly respond to alleged domestic violence situations, to properly evaluate evidence and document events . . ." it is again self evident that the malicious prosecution could not have arisen solely out of the actions of the defendant Josephine Horton. The Plaintiff has, therefore, failed to

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

state a claim upon which relief may be granted as to the defendant Josephine Horton.

**VIII. THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST THE DEFENDANT JOSEPHINE HORTON FOR ABUSE OF PROCESS.**

"' Abuse of process ,'" as distinguished from malicious prosecution, arises when a legal proceeding, although set in motion in proper form, becomes perverted to accomplish an ulterior or a wrongful purpose for which it was not designed.. 'The gist of an abuse-of-process claim is the misuse of legal process to obtain an advantage, 'not properly involved in the proceeding itself. . . . . *[However], even a pure spite motive is not sufficient where process is used only to accomplish the result for which it was created.*'" Butera v. Boucher, 798 A.2d 340, 354 (R.I.2002).(Emphasis in the original)(Citations omitted).

The facts pleaded in the complaint allege that the Defendant Josephine Horton filed a false report with DCYF and the Portsmouth Police for Domestic Assault. The proceedings that ensued, as alleged in the complaint, resulted in exactly the result these proceedings were intended to result in, the Plaintiff was kept away from the Defendant Josephine Horton and her children. These facts, no matter how pleaded, do not state a valid cause of action for Abuse of Process.

**IX CONCLUSION.**

Wherefore, Plaintiff prays that this Honorable Court will enter an order dismissing counts I, II, IV, VI, VIII and IX of the complaint as they relate to Defendant Josephine Horton.



True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

Respectfully submitted,
Defendant Josephine Horton,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

## CERTIFICATION

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 7 day of June 2005.

Roger Roots, Esq.,
597 Broad Street #3
Central Falls, Rhode Island 02863

Marc DeSisto, Esq.,
DeSisto Law Offices
221 Angell Street
Providence, RI 02906



True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island