UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DUANE HORTON,
*Plaintiff,*

vs.

PORTSMOUTH POLICE DEPARTMENT;
Et al.
*Defendants.*

C.A. NO. 05-247T

**DEFENDANTS', PORTSMOUTH POLICE DEPARTMENT, MICHAEL ARNOLD, ANTHONY CAMBROLA, GARRETT COYNE, ROBERT DRISCOLL, JEFFREY FURTADO, STEVEN HOETEL, HARRY LEONARD, ALBERTO BUCCI AND DENNIS SEALE'S OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Now come Defendants, Portsmouth Police Department, Michael Arnold, Anthony Cambrola, Garrett Coyne, Robert Driscoll, Jeffrey Furtado, Steven Hoetel, Harry Leonard, Alberto Bucci and Dennis Seale, individually and in their official capacities as employees of the Town of Portsmouth and hereby object to plaintiff's Motion to Remand the instant matter. In support thereof, Defendants rely upon the Memorandum of Law, attached and incorporated herein.

Defendants,
Town of Portsmouth and its employees,
By their attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 22nd day of June, 2005, to the following:

Kathleen M Daniels

Alberto Aponte Cardona, Esq.
597 Broad Street
Central Falls, RI 02863

Roger Roots, Esq. # 6752
597 Broad Street, Suite 3
Central Falls, RI 02863
(401) 290-8260

Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
E Providence, RI 02914

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DUANE HORTON,<br>*Plaintiff,*<br><br>vs.<br><br>PORTSMOUTH POLICE DEPARTMENT;<br>Et al.<br>*Defendants.* | C.A. NO. 05-247T |

**DEFENDANTS', PORTSMOUTH POLICE DEPARTMENT, MICHAEL ARNOLD, ANTHONY CAMBROLA, GARRETT COYNE, ROBERT DRISCOLL, JEFFREY FURTADO, STEVEN HOETEL, HARRY LEONARD ALBERTO BUCCI AND DENNIS SEALE MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO REMAND**

*I. Introduction*

On June 7, 2005, Defendants, Portsmouth Police Department, Michael Arnold, Anthony Cambrola, Garrett Coyne, Robert Driscoll, Jeffrey Furtado, Steven Hoetel, Harry Leonard, Alberto Bucci and Dennis Seale, individually and in their official capacities as employees of the Town of Portsmouth (hereinafter "Town defendants"), removed the above entitled matter from the Newport County Superior Court to the Federal District Court for the District of Rhode Island.[1] This removal was based upon this Court's original jurisdiction pursuant to *42 U.S.C. § 1331* over plaintiff's claims for the alleged violation of plaintiff's constitutional rights. Plaintiff thereafter filed the instant Motion to Remand.

Defendants hereby object to plaintiff's Motion to Remand and submit this matter was properly removed based on this Court's original jurisdiction. In light of the fact that the scope of the issues, damages and evidence in support of the claims are all essentially the same, plaintiff's state law claims do not predominate the instant cause of action. *McNerny v. Neb. Pub. Power*

[1] On June 13, 2005, co-defendant Josephine Horton joined in this removal by filing her own Notice of Removal.

_Dist._, *309 F.Supp. 1109, 1118 (D. Neb,. 2004).* In addition, plaintiff's claim under Rhode Island Access to Public Records statute does not involve such a novel or complex issue such to warrant remand of the instant matter. Accordingly, plaintiff's Motion to Remand should be denied.

## II. **Argument**

The instant action arises from plaintiff's arrest for felony domestic assault in July 2004. According to plaintiff's complaint, plaintiff was arrested based on false allegations by his estranged wife. As a result of the defendants' actions on July 24, 2004, plaintiff seeks to recover damages based on the following theories of recovery:

Count I – False Arrest against all defendants for alleged violation of state law and the Fourth and Fourteenth Amendments;

Count II – False Imprisonment against all Town defendants for the alleged violation of state law and the Fourth and Fourteenth Amendments;

Count IV – *42 U.S.C. § 1983* claim against all defendants stemming from plaintiff's alleged false arrest and false imprisonment as well as a claim for denial of due process stemming from the alleged denial of public records;

Count V – *42 U.S.C. § 1983* claim against the Town defendants for failure to train and supervise;

Count VI – "Tort of Outrage" against all defendants stemming from the alleged attempt to frame plaintiff in alleged violation of state law and plaintiff's Fourth, Sixth and Fourteenth Amendment rights;

Count VII – False reporting claim against defendant Josephine Horton;

Count VIII – Malicious prosecution claim against defendant Josephine Horton;

Count IX – Abuse of Process claim against defendant Josephine Horton.

Plaintiff has made one additional claim against the Town defendants for the alleged "tortious denial of public records." *See Plaintiff's Complaint, Count III.* According to plaintiff, he attempted to obtain a copy of the police files and statements in the months following his arrest and was allegedly denied access.

In support of his Motion to Remand, plaintiff first alleges that because the state court has concurrent jurisdiction over plaintiff's *§ 1983* claims, the matter may not be removed. *Plaintiff's Memorandum, at 4.* Defendants submit that while plaintiff has correctly cited the *dicta* from the District Court for the Northern District of California case cited, that is simply not the law in this Circuit or the majority of Circuits. As explained by Sixth Circuit, "[t]he weight of judicial authority supports the conclusion that 'a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.'" *Dorsey v. City of Detroit, 858 F.2d 338, 341 (6th Cir. 1988) citations omitted.* Thus, the mere fact that the state and federal courts have concurrent jurisdiction over the civil rights claims does not preclude the removal of the instant action.

Defendants submit that there can be no dispute that this Court has original jurisdiction over plaintiff's constitutional claims. As provided in *28 U.S.C. § 1367(a)*, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *28 U.S.C. § 1367(a).* This section operates to confer supplemental jurisdiction to hear "state-law claims that arise from the same nucleus of operative facts." *Roche v. John Hancock Mutual Life Insurance Company, 81 F.3d 249, 256 (1st Cir. 1996).* In the instant case, all of plaintiff's state law claims stem from his arrest on July 24, 2004, including plaintiff's claimed attempts to gain access to the police reports and witness statements. This Court thus has supplemental jurisdiction over these state law claims. *Murphy v. Bd of Education, 455 F.Supp 390 (ED 1978) affd without op 594 F.2d 869 (8th Cir. 1979) (If adjudication of claim depends upon application of either Constitution or laws of United States, entire case is removable under 28 U.S.C. §1441(c)).*

In apparent recognition that this Court possesses supplemental jurisdiction over the state law claims, plaintiff argues that this court should exercise its discretion and decline to exercise that jurisdiction because 1) the state law claims predominate the instant cause of action and 2). the claim raises a novel and complex issue of state law. *Plaintiff's Memorandum, at 4.*

Defendants submit in the first instance that there is no basis to plaintiff's claim that the state law claims predominate the instant action. In order to find predominance such to warrant remand, the Court must find that "a state claim constitutes the real body of a case, to which the federal claim is only an appendage." De Asencio v. Tyson Foods, Inc., *342 F.3d 301, 309 (3d Cir. 2003) quoting* Gibbs, *383 U.S. at 727.* In this case, plaintiff points to the denial of public records and alleged issues relating to his on-going family court dispute with co-defendant as the basis for the conclusion that the state claims predominate the instant case. However, all of plaintiff's causes of action specifically relate to plaintiff's alleged unlawful arrest and the subsequent attempts to retrieve copies of the police reports and witness statements. Although in the Motion to Remand, plaintiff alleges that "merely . . . two (2) of the nine (9) counts in plaintiff's complaint involve the federal civil rights statutes {sic}, 42 U.S.C. §1983," review of plaintiff's Complaint demonstrates that actually five (5) of the nine (9) counts allege a violation of plaintiff's constitutional rights. Of the remaining four (4) counts, three (3) are state law claims likewise stemming from the actual arrest of plaintiff (malicious prosecution, abuse of process and "tort of attempt to frame"). The final claim, which plaintiff bases the instant motion on, is a claim for an alleged violation of R.I. Access to Public Records statute stemming from plaintiff's alleged denial of access to the police reports and witness statements stemming from his July 2004 arrest. Notably, in Count Four, plaintiff further alleges that this denial of public records amounted to a violation of plaintiff's due process rights in violation of *§ 1983.*

Defendants thus submit that even though plaintiff has made additional state law claims, these claims clearly do not predominate the instant action. Rather, considering that "the scope of the issues presented, the damages alleged, and the evidence required to prove the state and federal claims are substantially the same . . . [s]uch circumstances do not support an argument that the federal claim is dominated by or a mere appendage to the alleged state claims. McNerny v. Neb. Pub. Power Dist., *309 F. Supp. 2d 1109, 1118 (D. Neb., 2004) citing* Williams v. Ragnone, *147 F.3d 700, 703 (8th Cir. 1998) (district court lacked discretion to refuse supplemental jurisdiction and remand state tort claims arising from same case or controversy as section 1983 claim of excessive force);* McLaurin v. Prater, *30 F.3d 982, 985 (8th Cir. 1994). (where factual bases for inmate's § 1983 claim and state tort claims were closely related, court could not refuse to exercise supplemental jurisdiction and substantial interests would be served by having the district court rule on the state-law claims);* Karstens v. International Gamco, Inc., *939 F. Supp. 1430, 1441 (D. Neb. 1996)(state infliction of emotional distress claim did not substantially predominate over Title VII discrimination claim based on the same facts and, even if court had discretion to refuse jurisdiction, supplemental jurisdiction was warranted where separate trials would be duplicative).* Plaintiff's Motion to Remand based on the claim that the state law claims predominate should accordingly be denied.[2]

Defendants also submit that plaintiff's claim under the Access to Public Records Act does not involve such a novel or complex issue as to divest this court of jurisdiction over the claim. While plaintiff cites to the statutory provision providing that police reports reflecting the initial arrest of an individual are considered public records, this sentence cannot be read in isolation of the previous sentences in that subsection which specifically exempts records of

[2] Plaintiff makes an additional reference to the "family law and domestic-violence response procedures" allegedly involved in the instant case as forming a basis to order remand. However, resolution of plaintiff's civil rights and

ongoing enforcement action when release could be deemed to meet certain criteria. *R.I.G.L. § 38-2-2(i)(4)(D).* Although plaintiff claims that this is a novel issue, in fact, the Superior Court and the R.I. Attorney General have addressed when such police reports are exempt from access under *38-2-2(i)(4)(D)* because of an ongoing enforcement proceeding. See Providence Journal Co. v. Town of W. Warwick, *2004 R.I. Super. LEXIS 136, 10-11 (R.I. Super. Ct., 2004)(incident reports, police officer narratives, evidence logs, a search warrant inventory, and numerous witness statements are not "public records" because records part of enforcement proceedings and "the disclosure of these records necessarily would interfere with the criminal prosecutions now pending and arguably could impact the "fair trial" rights of those charged with crimes. Any disclosure of these records should be made in the context of the criminal prosecutions as they unfold"); *Setera v City of Providence, *PR 95-29 ("mug shot" not a public record);* In re Newport Police Department, *ADV PR 99-03 (if granting criminal defendant access to reports under APRA circumvented reciprocal discovery process of ongoing criminal action and thus interfere with enforcement proceeding, documents not public records).* While there is not an overwhelming amount of case law interpreting this particular portion of the statute, this Court is clearly in a position to examine the plain language of the statute and apply it to the instant case.

Plaintiff finally alleges that "fairness, judicial economy, convenience, and comity" require the Court to refuse to exercise supplemental jurisdiction over the state claims. Plaintiff specifically points to the inconvenience he will face because his current attorney is not admitted to District Court. However, it is first noteworthy that such convenience concerns only "apply when the district court views the state claim as predominant or novel or complex under subsections 1367(c)(1) and (2), . . . [or] when the district court dismisses the federal claim and re-examines its jurisdiction over the remaining state law claims under section 1367(c)(3). Alger

---

false arrest/false imprisonment claims are determined by whether there was probable cause to effectuate the arrest.

*v. Ganick, O'Brien & Sarin, 35 F. Supp. 2d 148, 156 (D. Mass., 1999) citing Lopez-Soto v. Hawayek, 988 F. Supp. 41, 46-47 (D.P.R. 1997).* In any event, defendant submits that such alleged inconvenience to the plaintiff cannot be used to circumvent this Court's jurisdiction or the well-settled removal standards.[3]

III. **Conclusion**

Defendants thus respectfully submit that the instant Motion to Remand should be denied.

Defendants,
Town of Portsmouth and its employees,
By their attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

[3] Plaintiff notably does not cite to any case law in support of this position.

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this __ day of June, 2005, to the following:

______________________________

Roger Roots, Esq. # 6752
597 Broad Street, Suite 3
Central Falls, RI 02863
(401) 290-8260

Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
E Providence, RI 02914

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 22nd day of June, 2005, to the following:

Kathleen McDaniels

Alberto Aponte Cardona, Esq.
597 Broad Street
Central Falls, RI 02863

Roger Roots, Esq. # 6752
597 Broad Street, Suite 3
Central Falls, RI 02863
(401) 290-8260

Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
E Providence, RI 02914