UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DUANE HORTON, Plaintiff | : | |
| vs. | : | C.A. No. 05-247 T |
| PORTSMOUTH POLICE DEPT, et al., Defendants. | : | (originally Newport Co. Superior Court C.A. No. NC05-0234) |

**DEFENDANT JOSEPHINE HORTON'S OBJECTION TO PLAINTIFF'S MOTION TO REMAND.**

Now comes Defendant Josephine Horton and hereby object to the Plaintiff's motion to remand the instant matter. In support thereof, Defendant relies upon a memorandum of law, attached and incorporated by reference herein.

Dated this 24th day of June 2005.

Respectfully submitted,
Defendant Josephine Horton,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: sldeyoe@abanet.org

SCANNED

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 24 th day of June 2005.

Roger Roots, Esq.,
597 Broad Street #3
Central Falls, Rhode Island 02863

Marc DeSisto, Esq.,
DeSisto Law Offices
221 Angell Street
Providence, RI 02906

Alberto Aponte Cardona, Esq.,
597 Broad Street
Central Falls, RI 02863

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DUANE HORTON, Plaintiff | : | |
| vs. | : | C.A. No. 05-247 T |
| PORTSMOUTH POLICE DEPT, et al., Defendants. | : | (originally Newport Co. Superior Court C.A. No. NC05-0234) |

**DEFENDANT JOSEPHINE HORTON'S MEMORANDUM OF LAW IS SUPPORT OF HER OBJECTION TO PLAINTIFF'S MOTION TO REMAND.**

## I. Introduction:

On June 7, 2005 and June 13, 2005, petitions were filed to remove the above matter from the Newport County Superior Court to the United States District Court for the District of Rhode Island. This removal was based on the original jurisdiction supplied to this Court by 42 U.S.C. § 1331 over Plaintiff's claims because the complaint alleges violations of both his Constitutional Rights and Federal Laws. Plaintiff has filed a motion to remand.

## II Argument.

Defendant Josephine Horton hereby objects to the Plaintiff's motion to remand and submits that this matter is properly before this Court based on its original subject matter jurisdiction. While Plaintiff contends that State Law Claims predominate this matter and remand is in order, a review of the complaint reveals that the Plaintiff has in Counts I, II, IV, V, and VI alleged violations of either his Constitutional Rights or Federal Law.

The fact that the Plaintiff claims in four counts of the complaint violations of exclusively state law claims i.e., false reporting, malicious prosecution, abuse of process and access to public

records, ignores 28 U.S.C. § 1367(a) which provides that when it is alleged that the Defendant has committed a violation of the Plaintiff's Constitution rights, the United States District Court shall have jurisdiction over "all [state law] claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The basis of all of the Plaintiff's claims is that he was alleged falsely arrested on or about July 24, 2004.

The fact that the Plaintiff has alleged a violation of 42 U.S.C. § 1981[1] in two counts of the complaint are inopposite.[2] There is no case law which suggest that State Courts have sole jurisdiction over 42 U.S.C. § 1981.

While this Court has the discretion to decline to exercise jurisdiction over the Plaintiff's claims if the state law claims predominate the federal claim such that the state claim is the real body of the complaint and the federal claim is but an appendage. DeAsencio v. Tyson Foods,

---

[1]Plaintiff's complaint attempts to allege a violation of 42 U.S.C. § 1981. There is no mention of 42 U.S.C. § 1983 anywhere in the complaint. Accordingly, this argument of the Plaintiff's will not be addressed.

[2]42 U.S.C § 1981 provides: "

(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

## III. Conclusion.

Defendant respectfully submit that the instant motion to Remand should be denied.

Dated this 24th day of June 2005.

Respectfully submitted,
Defendant Josephine Horton,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: sldeyoe@abanet.org

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 24 th day of June 2005.

Roger Roots, Esq.,
597 Broad Street #3
Central Falls, Rhode Island 02863

Marc DeSisto, Esq.,
DeSisto Law Offices
221 Angell Street
Providence, RI 02906

Alberto Aponte Cardona, Esq.,
597 Broad Street
Central Falls, RI 02863